UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JEFFREY M. SAMM, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:05-CV-181 RM |
| | ) | |
| FINI S.p.A., | ) | |
| | ) | |
| Defendant | ) | |

<u>OPINION and ORDER</u>

Three motions pend in this case, which is set for final pretrial conference on April 8. The reader's familiarity with the motions is assumed. In the interest of facilitating counsel's preparation for that conference and accurately estimating the length of trial, the court rules as follows on those motions.

Plaintiff Jeffrey Samm bought an air compressor manufactured by defendant FINI, took it home, and turned it on. After only a few minutes, the compressor blew up, injuring Mr. Samm. Mr. Samm sues FINI for damages to compensate him for his injuries. The court's jurisdiction is based on 28 U.S.C. § 1332.

A.

FINI moves to strike the affidavits of Andrew Beattie and Nick Principe, which were filed in support of Mr. Samm's summary judgment motion. FINI argues that the Beattie and Principe affidavits are impermissibly inconsistent with

Mr. Samm's deposition testimony. FINI's argument would place upon a summary judgment movant a burden far in excess of what the law requires. A party cannot seek or defend summary judgment by submitting the party's own affidavit in unexplained conflict with the party's deposition, *see* Patton v. MFS/Sun Life Fin. Distributors, Inc., 480 F.3d 478, 488 (7th Cir. 2007) ("When a witness abandons her testimony in the face of a pending summary judgment motion, the change is often a transparent ruse designed to prolong the case; allowing the ruse to succeed would defeat summary judgment's purpose of weeding out clearly unmeritorious cases."); Ineichen v. Ameritech, 410 F.3d 956, 963 (7th Cir. 2005) ("Although at the summary judgment stage we must interpret the evidence in the light most favorable to Ineichen, . . . that does not allow her to contradict deposition testimony with later-filed contradictory affidavits."), but none of the cases FINI cites (and none of which the court is aware) convert a party's deposition testimony into a judicial admission by forbidding the use of witness testimony that is not wholly consistent with the party's affidavit.

Because the law doesn't support the relief FINI seeks, the court denies FINI's motion to strike.

B.

FINI moves to strike the opinion testimony of Mr. Samm's expert, Jay Nogan, under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993). FINI challenges Mr. Nogan's opinions that:

2

the cover seal's design allowed it to stretch and conform to the oil dipstick, blocking the oil dipstick's venting passages; improper assembly preventing exhausting of the compressed air from the cylinder head, leading to pressurization of the compressor crankcase; the valve subassembly was defectively designed because the cylinder heads could be assembled improperly; Mr. Samm's compressor wasn't factory tested; and a pressure relief valve could have been installed in the compressor crankcase.

FINI doesn't challenge Mr. Nogan's expertise or the potential helpfulness of Mr. Nogan's opinions. FINI argues that Mr. Nogan's opinions are not the result of reliable principles reliably applied or based on sufficient facts or data. In determining whether an expert reliably applied reliable principles in reaching proffered opinions, courts consider a "non-exhaustive list of guideposts: (1) whether the scientific theory can be or has been tested; (2) whether the theory has been subjected to peer review and publication; (3) whether the theory has been generally accepted in the scientific community." Ervin v. Johnson & Johnson, Inc., 492 F.3d 901, 904 (7th Cir. 2007); *see also* United States v. George, 363 F.3d 666, 672 (7th Cir. 2004) ("a number of factors that a trial court should consider in deciding whether expert testimony is reliable, specifically (1) whether the theory on which it is based can be tested, (2) whether the theory or technique has been subject to peer review, (3) the rate of error of the technique and the existence of standards to control the technique's operation, and (4) whether it is generally

3

accepted. . . . This is a flexible test, its outcome varies with the circumstances of each case.").

The proponent of an expert's opinion bears the burden of showing compliance with Rule 702. Smith v. Ford Motor Co., 215 F.3d 713, 718 (7th Cir. 2000). That burden is eased substantially when, as here, the objector does nothing but try to poke holes in the expert's reasoning. For example, FINI argues that Mr. Nogan did no studies or calculations to determine how far the compressor's seal could stretch, or to determine the magnitude or probability of a pressure spike, or to determine how much force a pressure spike would cause the seal to place on the dipstick. FINI argues that Mr. Nogan's opinions concerning manufacturing defects fail because he didn't visit the FINI assembly factory or even know what methods or tools were used in the assembly process. Those might all be good questions to ask on cross-examination, or points to make in final argument, but nothing in the record suggests that good science required Mr. Nogan to do any of those things.

FINI makes only slightly more traction concerning Mr. Nogan's opinion on an alleged design defect — that a pressure relief valve could have been installed in the compressor crankcase. The court of appeals insists that good science (and hence Rule 702) requires one who proposes a novel design to prepare and test the product design rather than simply make suggestions. *See generally* Winters v. Fru-Con, Inc., 498 F.3d 734, 742-743 (7th Cir. 2007), and cases cited therein. Mr.

4

Nogan satisfies that obligation in ¶ 15(III) of his summary judgment affidavit and attachments to that affidavit.

Mr. Nogan's testimony appears to result from reliable principles reliably applied and to be based on sufficient facts or data. FINI presents nothing to the contrary but argument. For these reasons, the court denies FINI's motion to strike Mr. Nogan's opinion testimony.

C.

Mr. Samm seeks summary judgment on the issue of liability. He relies on his own testimony indicating that he used the compressor as he was supposed to and on Mr. Nogan's expert opinions on design and manufacturing defects. FINI's Franco Zecchini offers an opinion, based on viewing the compressor's remnants a few weeks after the explosion, that something other than the dipstick must have been plugging the dipstick hole.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding whether a genuine issue of material fact exists, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Mr. Zecchini's opinion testimony creates a genuine issue of material fact concerning why the compressor exploded. Summary judgment is inappropriate.

### D.

For the foregoing reasons, the court DENIES the defendant's motion to strike affidavits [docket # 107], DENIES the defendant's motion in limine to bar testimony of plaintiff's expert [docket # 81], and DENIES the plaintiff's motion for summary judgment [docket # 89].

ENTERED:   April 2, 2008

　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　United States District Court